5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eddie N. ADAMS, Petitioner-Appellant,
v.
Kenneth DUCHARME, Respondent-Appellee.
 No. 91-36086.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 15, 1993.
 
 Before: WALLACE, Chief Judge, WRIGHT and NOONAN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Adams, a Washington state prisoner, appeals from the district court's denial of his habeas corpus petition. Adams contends that the district court erred by denying his petition because the Indeterminate Sentence Review Board (Board) deprived him of good time credit in violation of his rights to due process and equal protection. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 2254. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 Adams is serving two consecutive sentences for manslaughter. After a parole violation, the minimum term of confinement for his first sentence was set at his maximum expiration date less earned good time. The Board held a parolability hearing at which it determined that Adams was not a fit subject for parole and would not be paroled until his maximum expiration date. Thus, his earned good time would not gain him the chance of an early parole date.
 
 
 3
 Adams raises three issues on this appeal. He argues (1) that the length of his sentence should have been automatically reduced by his earned good time; (2) that due process entitled him to a hearing before his earned good time was taken away; and (3) that the practice of taking away good time credits from those inmates whose minimum terms are set at their maximum sentence violates their right to equal protection. We address these argument in turn. We review the denial of the habeas petition de novo. Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990).
 
 
 4
 Adams was not entitled to have his earned good time automatically reduce his sentence. Under the system in place when Adams was sentenced, the Board sets a minimum term of confinement. An inmate is eligible for parole upon serving the minimum term minus any good time credit earned. Wash.Rev.Code Sec. 9.95.110 (1993). However, even though an inmate is eligible for parole, the Board may not release the inmate from confinement "unless in its opinion his rehabilitation has been complete and he is a fit subject for release." Id. Sec. 9.95.100. Further, in interpreting its indeterminate sentencing laws, the Washington Supreme Court has held that a convicted person has no inherent right to be conditionally released before the expiration of the maximum term allowed by law. State v. Fain, 617 P.2d 720 (Wash.1980). Thus, because Adams was sentenced under the indeterminate sentencing laws, he has no right to automatic parole upon expiration of his minimum term of confinement minus his good time credits. The Board was entitled to find Adams unfit for parole and to require Adams to serve his maximum sentence.
 
 
 5
 Second, though the Board made Adams's good time credits irrelevant by requiring him to serve his maximum sentence, the Board did not violate his due process rights. A prisoner has no inherent due process right to a hearing regarding the possibility of parole. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). However, state procedures can create a liberty interest protected by due process guarantees. Id. at 12. We may look to the state court's interpretation of the interest to determine whether a due process right has been created. Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir.1989).
 
 
 6
 A Washington court has held that based on Board procedures, inmates in situations analogous to that of Adams have a due process right to an in person parolability hearing. In re Cashaw, 839 P.2d 332 (Wash.Ct.App.1992), petition for review granted (No. 599-59-9) (Wash. Mar. 4, 1993). According to Cashaw, if an inmate's minimum term is set at his maximum sentence and good time credits will not hasten parole eligibility, the Board must hold a parolability hearing. Adams was given a full parolability hearing before the Board decided that he should serve his maximum sentence. He received all the process to which he was due.
 
 
 7
 Finally, Adams's claim that the Board violated his right to equal protection is without merit. The Board applies the law equally to all indeterminately sentenced inmates. No inmate is released based on his good time credits unless he is rehabilitated and fit for parole. Further, Adams was treated like other inmates, in that he was given a parolability hearing to determine whether he was fit for parole.
 
 
 8
 AFFIRMED.
 
 
 9
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4